The Honorable David R. Matthews State Representative P.O. Box 38 Lowell, AR 72745
Dear Representative Matthews:
This is in response to your request for an opinion concerning waste water distribution systems in cities of the second class. Specifically, you have asked whether such a city may vest the responsibility for managing, operating, improving, extending and maintaining the waste water collection system in a separate sewer commission, with the legal title to the facility remaining in the city.
It appears that this is exactly what is contemplated by A.C.A.14-235-206*, which provides in pertinent part:
 (a)(1)(A) The construction, acquisition, improvement, equipment, custody, operation, and maintenance of any works for the collection, treatment, or disposal of sewage and the collection of revenue from it for the service rendered by it, shall be effected and supervised by a committee to be designated for that purpose by the municipal council.
 (B) The committee will function under the control of the council to such extent as may be provided in the ordinance or resolution appointing the committee.
Considerable discretion is left in the council as to how much control it will retain over the actions of the committee. It appears that under 14-235-206(B), a municipality could convey legal title to the committee, or choose not to do so. The powers of the sewer committee, whether vested with legal title or not, include the "power to take all steps and proceedings and to make and enter into all contracts or agreements necessary or incidental to the performance of its duties and the execution of its powers. . . ." A.C.A. 14-235-207(a)(1)(A). The only power the council is required to retain by statute is the power to approve any contract relating to financing of the acquisition or construction of any works or any trust indenture. A.C.A.14-235-207(B).
Because Chapter 235 of Title 14 does not specify whether legal title is to be held in the committee or in the municipality, and leaves considerable discretion in the municipality as to how much control to retain over the committee, it is my opinion that the committee could operate the facility with the city possessing the legal title thereto.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
* It should be noted that Chapter 235 of Title 14 provides alternatively for a sanitary board to be composed of the mayor and two appointed members. A.C.A. 14-235-208.